PEOPLE, Respondent, v. WILLIAM H. TALMAGE (JESSE CAROTHERS, Intervener), Appellants.

## No. 1078; September 22, 1856.

**Judgment—Power of Court to Set Aside.**—A party aggrieved by a judgment obtained by fraud may seek relief by appeal or by bill in equity, but the trial judge is without jurisdiction to set the judgment aside.

APPEAL from Superior Court, San Francisco County.

W. T. Wallace for respondent; Thomas & Heamstead and George C. Bates for appellants.

See People v. Talmage, 6 Cal. 256.

MURRAY, C. J.—The court below erred in setting aside the judgment rendered May 31, 1855. The term had gone by. Some eight or nine months had elapsed and the case had been appealed to this court, so that the superior court had lost jurisdiction over the matter.

We are of opinion that the court had the most undoubted right to explain the circumstances by which the judgment was obtained and to exonerate itself from any seeming participation in what it conceived to be a fraud; but in so doing the court had no power at the late day when the matter was called to its attention to disturb the judgment, and that the only remedy the aggrieved party possessed was by appeal or bill in equity to set aside the judgment upon the ground of fraud.

The order vacating the judgment is set aside.

I concur: Terry, J.